JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK (Bar No. 227298)
*msk@jmbm.com*
IMAN G. WILSON (Bar No. 280806)
*iwilson@jmbm.com*
LAUREN E. BABST (Bar No. 313156)
*lbabst@jmbm.com*
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone:  (415) 398-8080
Facsimile:   (415) 398-5598

Attorneys for Defendants MM CORPORATION dba OHANA HAWAIIAN BBQ OF PLEASANT HILL; RICKY KIM CHENG; and HOLLY NGUYET CHENG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>    Plaintiff,<br><br>v.<br><br>MM CORPORATION, a California corporation, dba OHANA HAWAIIAN BBQ OF PLEASANT HILL; RICKY KIM CHENG, an individual; HOLLY NGUYET CHENG, an individual; MONUMENT INVESTMENTS, LP, a California limited partnership, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 4:18-cv-01682-DMR<br><br>**ANSWER TO:  FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); BUSINESS & PROFESSIONS CODE §§ 17200 et seq., 17500 et seq.; HEALTH & SAFETY CODE §19955 et. seq.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants MM Corporation, dba Ohana Hawaiian BBO of Pleasant Hill ("MM Corporation"), Ricky Kim Cheng and Holly Nguyet Cheng (collectively, "Defendants") hereby answer the First Amended Complaint of Shelby Gail Heifetz ("Plaintiff") and asserts its affirmative defenses as follows:

1.  Plaintiff merely states legal conclusions and argument as to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations contained therein.

2.  Defendants deny that they have engaged in discriminatory acts or omissions.  Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

3.  Defendants admit that the Court appears to have proper jurisdiction over this action at this time but do not admit that supplemental jurisdiction is appropriate.

4.  Defendants admit that venue appears to be proper at this time.

5.  Defendants acknowledge that the case should be assigned to the San Francisco/Oakland intradistrict.

6.  Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

7.  Defendants Cheng deny that they are the owners, operators, lessors or lessees of real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523 that is at issue in this action.  Defendant MM Corporation admits only that it is the lessee of the interior of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523 that is at issue in this action.  Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

8. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

9. Defendant MM Corporation admits that it is the lessee of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523 that is at issue in this action. Defendants deny the remaining allegations of this paragraph.

**FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(Health & Saf. Code, § 19955 *et seq.,* Civ. Code, § 54 *et seq.*, Bus. & Prof. Code, §§ 17200 *et seq.*, 17500 *et seq.*)**
**(Against All Defendants and Each of Them)**

10. Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

11. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

12. Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

13. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

14. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

15. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

16. Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

17. Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

18. Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

19. Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

20. Paragraph 20 contains no allegation, and therefore no response is due. Defendants deny that Plaintiff is entitled to any injunctive relief or any other damages.

21. Defendants Cheng deny that they are the owned, operated, leased, constructed, altered or maintained the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523 that is at issue in this action. Defendant MM Corporation admits only that it is the lessee of the interior of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523 that is at issue in this action. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on

1  that basis deny such allegations. Defendants deny that Plaintiff is entitled to any
2  injunctive relief or any other damages.

3       22.    Denied. Defendants deny that Plaintiff is entitled to any injunctive
4  relief or any other damages.

5       23.    Denied. Defendants deny that Plaintiff is entitled to any injunctive
6  relief or any other damages.

7       WHEREFORE, Defendants pray for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE Civ. Code, §§ 51, 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE Civ. Code, § 51(f)**
**(Against All Defendants and Each of Them)**

13       24.    Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

17       25.    Plaintiff merely states legal conclusions to which no response is required and Civil Code § 51 speaks for itself. To the extent a response is required, Defendants deny Plaintiff's mischaracterization of the law.

20       26.    Plaintiff merely states legal conclusions and argument as to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

23       27.    Plaintiff merely states legal conclusions to which no response is required and Civil Code § 52 speaks for itself. To the extent a response is required, Defendants deny Plaintiff's mischaracterization of the law.

26       28.    Plaintiff merely states legal conclusions to which no response is required and Civil Code § 51 speaks for itself. To the extent a response is required, Defendants deny Plaintiff's mischaracterization of the law.

1  29. Denied.

2  30. Denied.  Defendants deny that Plaintiff is entitled to any injunctive
3  relief or any other damages.

4  WHEREFORE, Defendants pray for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § 12101 *et. seq.***
**(Against All Defendants and Each of Them)**

8  31. Defendants hereby incorporate by reference each admission, denial,
9  and each denial on information and belief, as well as all explanations regarding
10 those allegations, made in response to all previous paragraphs, inclusive, as though
11 fully set forth herein.

12 32. Plaintiff merely states legal conclusions to which no response is
13 required and 42 U.S.C. § 12101 speaks for itself.  To the extent a response is
14 required, Defendants deny Plaintiff's mischaracterization of the law.

15 33. Plaintiff merely states legal conclusions to which no response is
16 required and 42 U.S.C. § 12101 speaks for itself.  To the extent a response is
17 required, Defendants deny Plaintiff's mischaracterization of the law.

18 34. Plaintiff merely states legal conclusions to which no response is
19 required and 42 U.S.C. § 12101 speaks for itself.  To the extent a response is
20 required, Defendants deny Plaintiff's mischaracterization of the law.

21 35. Plaintiff merely states legal conclusions to which no response is
22 required and 42 U.S.C. § 12101 speaks for itself.  To the extent a response is
23 required, Defendants deny the remaining allegations contained therein.

24 36. Defendants lack sufficient knowledge or information to form a belief
25 concerning the truth of the factual allegations contained therein and on that basis
26 deny such allegations.

27 37. Denied.

28

1  38. Denied. Defendants deny that Plaintiff is entitled to any injunctive

2  relief or any other damages.

3  39. Defendants deny that Plaintiff is entitled to any injunctive relief or any

4  other damages. Defendants lack sufficient knowledge or information to form a

5  belief concerning the truth of the remaining factual allegations contained therein and

6  on that basis deny such allegations.

7  WHEREFORE, Defendants pray for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION: VIOLATION OF UNFAIR COMPETITION ACT Unfair, Unlawful, Deceptive Business Practice: Bus. & Prof. Code, § 17200** *et. seq.*
**(Against Defendants MM CORPORATION, a California corporation, dba OHANA HAWAIIAN BBQ OF PLEASANT HILL; and DOES 1-10, inclusive)**

13  40. Defendants hereby incorporate by reference each admission, denial,

14  and each denial on information and belief, as well as all explanations regarding

15  those allegations, made in response to all previous paragraphs, inclusive, as though

16  fully set forth herein.

17  41. Defendants admit only that MM Corporation, a California corporation

18  d/b/a Ohana Hawaiian BBQ of Pleasant Hill engages in business within the

19  jurisdiction of the State of California. Defendants state that the remaining

20  allegations are legal conclusions to which no response is required. To the extent a

21  response is required, Defendants deny the remaining allegations contained therein.

22  42. Plaintiff merely states legal conclusions to which no response is

23  required and the Unfair Business Practices Act speaks for itself. To the extent a

24  response is required, Defendants deny Plaintiff's mischaracterization of the law.

25  43. Defendants admit only that MM Corporation, a California corporation

26  d/b/a Ohana Hawaiian BBQ of Pleasant Hill engages in business within the

27  jurisdiction of the State of California. Defendants state that the remaining

allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION: FALSE ADVERTISING PRACTICES ACT**
**Bus & Prof. Code, § 17500** *et. seq.*
**(Against Defendants MM CORPORATION, a California corporation, dba OHANA HAWAIIAN BBQ OF PLEASANT HILL; and DOES 1-10, inclusive)**

44. Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

45. Defendants admit only that MM Corporation, a California corporation d/b/a Ohana Hawaiian BBQ of Pleasant Hill engages in business within the jurisdiction of the State of California. Defendants state that the remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

46. Plaintiff merely states legal conclusions to which no response is required and the False Advertising Practices Act speaks for itself. To the extent a response is required, Defendants deny Plaintiff's mischaracterization of the law.

47. Defendants admit only that MM Corporation, a California corporation d/b/a Ohana Hawaiian BBQ of Pleasant Hill engages in business within the jurisdiction of the State of California. Defendants state that the remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained therein.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

# AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

1. Defendants allege upon information and belief that the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations. *Daingerfield Island Protective Society v. Babbitt* 40 F.3d 442,445 (D.C. CR. 1994). The Complaint does not sufficiently allege that Plaintiff's alleged visit falls within the period of time that is not excluded by the applicable statutes of limitations. *See* Code of Civil Proc., § 340.

## SECOND AFFIRMATIVE DEFENSE
### (REASONABLE PORTION OF FACILITY ACCESSIBLE)

2. Defendants allege upon information and belief that the Subject Property does not violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations to which Plaintiff had access and to areas normally sought and used by the public are accessible to and useable by persons with disabilities.

## THIRD AFFIRMATIVE DEFENSE
### (EQUIVALENT FACILITATION)

3. Defendants allege that, at all times relevant to the Complaint, it made available to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitations which provide full and equal access to the goods and services of the Subject Property.

## FOURTH AFFIRMATIVE DEFENSE
### (LEGITIMATE BUSINESS PURPOSE)

4. Defendants allege Plaintiff's recovery in this action is barred because Defendant's acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits and a properly issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

### FIFTH AFFIRMATIVE DEFENSE
### (*DE MINIMIS* DEVIATIONS)

5. Defendants allege Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or are within construction tolerances. *Cherry v. City College of San Francisco*, 2006 WL 6602454 at *5-6 (N.D. Cal. January 12, 2006) (recognizing the ADA's allowance of reasonable variances and equivalent facilitations).

### SIXTH AFFIRMATIVE DEFENSE
### (STANDING-NO INJURY IN FACT)

6. Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer an injury-in-fact, and that Plaintiff failed to suffer an actual or imminent injury as required by applicable law. *Solis v. Couturer* No. 08-02732-RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009). The Complaint fails to properly allege that Plaintiff's disability was specifically affected by the alleged violations so as to deny Plaintiff full and equal access. *Chapman v. Pier 1 Imports, Inc.,* 631 F. 3d. 939 (9th Cir. 2011).

### SEVENTH AFFIRMATIVE DEFENSE
### (ARTICLE III STANDING)

7. Plaintiff lacks standing under Article III and cannot establish a violation of Title III of the ADA because Plaintiff is unable to show that Plaintiff: (1) was excluded from participation in or denied the benefits of Defendant's services or products, or was otherwise discriminated against by Defendant; (2) was excluded by reason of said disability; (3) suffered any injury-in-fact; and/or (4) suffers any actual or imminent threat of future harm.

### EIGHTH AFFIRMATIVE DEFENSE
### (NOT READILY OR LIKELY ACHIEVABLE)

8. Defendants allege any further action by Defendants to ensure no individual with disabilities is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of the nature of its business, is not technically feasible, or is not structurally readily achievable. Defendants does not assert the affirmative defense of financial readily achievability in this action. *See* 28 CFR section 36.304(a).

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO REQUEST REASONABLE ACCOMMODATIONS)

9. Plaintiff alleges that Defendants failed to modify its policies, practices and procedures to serve Plaintiff, preferentially or otherwise. However, Plaintiff failed to allege that Plaintiff requested of Defendants any such modifications, that the requested modifications were reasonable, and that Defendants failed to accommodate such requests. Therefore, Plaintiff's claims are factually and legally unsupportable and such failure to request reasonable modifications is an affirmative defense to this action.

### TENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

10.  Defendants allege that Plaintiff is targeting business owners for personal gain without ever visiting or intending to visit these businesses rather than for any genuine desire to redress grievances.  Therefore Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### PRAYER

WHEREFORE, Defendants respectfully request this Court grant the following relief:

1.  That Plaintiff's Complaint be dismissed, with prejudice and in its entirety as to Defendants;

2.  That Plaintiff take nothing by reason of its Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.  That Defendants be awarded its costs incurred in defending this action; and

4.  That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED:  May 31, 2018       JEFFER MANGELS BUTLER & MITCHELL LLP
                            MATTHEW S. KENEFICK
                            IMAN G. WILSON
                            LAUREN E. BABST


                            By:     /s/  Matthew S. Kenefick
                                   MATTHEW S. KENEFICK
                            Attorneys for Defendants MM CORPORATION
                            dba OHANA HAWAIIAN BBQ OF
                            PLEASANT HILL; RICKY KIM CHENG;
                            HOLLY NGUYET CHENG

# PROOF OF SERVICE

*Heifetz v. MM Corporation, et al.*
USDC No. Dist Case No. 4:18-cv-01682-DMR

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067-4308.

On May 31, 2018, I served true copies of the following document(s) described as

**ANSWER TO: FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); BUSINESS & PROFESSIONS CODE §§ 17200 et seq., 17500 et seq.; HEALTH & SAFETY CODE §19955 et. seq.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990;**

as follows:

| | |
|---|---|
| ALLACCESS LAW GROUP<br>Irene Karbelashvili, Esq.<br>Irakli Karbelashvili, Esq.<br>19 North Second Street, Suite 205<br>San Jose, CA 95113 | Counsel for Plaintiff SHELBY GAIL HEIFETZ<br>Telephone: (408) 295-0137<br>Facsimile: (408) 295-0142<br>irene@allaccesslawgroup.com<br>irakli@allaccesslawgroup.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 31, 2018, at Los Angeles, California.

/s/ Michele Leyva
Michele Leyva

62057878v1