1  Rachel A. Mihai, State Bar No. 249716
   rmihai@bremerwhyte.com
2  Jonathan A. Kaplan, State Bar No. 262807
   jkaplan@bremerwhyte.com
3  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
4  Second Floor
   Newport Beach, California 92660
5  Telephone:  (949) 221-1000
   Facsimile:  (949) 221-1001
6
7  Attorneys for Defendant,
   MONUMENT INVESTMENTS, L.P.

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  SHELBY GAIL HEIFETZ,               ) Case No. 4:18-cv-01682-DMR
                                       )
12          Plaintiff,                 ) **MONUMENT INVESTMENTS,**
                                       ) **L.P.'S ANSWER TO THE FIRST**
13      vs.                            ) **AMENDED COMPLAINT FOR**
                                       ) **PRELIMINARY AND**
14  MM CORPORATION dba OHANA           ) **PERMANENT INJUNCTIVE**
    HAWAIIAN BBQ OF PLEASANT           ) **RELIEF AND DAMAGES:**
15  HILL; RICKY KIM CHENG; HOLLY       ) **DENIAL OF CIVIL RIGHTS AND**
    NGUYET CHENG; OXFORD               ) **ACCESS TO PUBLIC**
16  GARDENS, LLC and DOES 1-10,        ) **FACILITIES TO PHYSICALLY**
    inclusive,                         ) **DISABLED PERSONS, PER**
17                                     ) **FEDERAL AND CALIFORNIA**
            Defendants.                ) **STATUTES (INCLUDING CIVIL**
18  _____  ) **CODE §§ 51, 52, 54, 54.1, 54.3);**
                                         **BUSINESS & PROFESSIONS**
19                                       **CODE §§ 17200 et**
                                         **seq., 17500 et seq.; HEALTH &**
20                                       **SAFETY CODE §19955 et. seq.);**
                                         **INJUNCTIVE RELIEF PER**
21                                       **TITLE III, AMERICANS WITH**
                                         **DISABILITIES ACT OF 1990**
22

23                                     Complaint Filed:  March 16, 2018

24        Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant, MONUMENT

25  INVESTMENTS, L.P. (hereinafter referred to individually and/or collectively as "Defendant") in

26  answer to the First Amended Complaint (hereinafter "COMPLAINT") of Plaintiff, SHELBY GAIL

27  HEIFETZ (hereinafter referred as "Plaintiff"), and admits, denies, alleges and asserts affirmative

28  defenses as follows:

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

# I.  ANSWER

## ANSWER TO INTRODUCTION

1.      As to the allegations contained in **paragraph 1** of the COMPLAINT: Defendant admits that it is the owner and lessor of the specific real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523.  Defendant is the owner of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action.  Defendant denies that is the lessor of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action. Defendant denies that it is the operator or lessee of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523, which is at issue in this action. As to the remaining allegations, Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

2.      As to the allegations contained in **paragraph 2** of the COMPLAINT: Defendant denies that it has engaged in discriminatory acts or omissions. Defendant lacks sufficient information to form a belief concerning the truth of the remaining factual allegations contained therein, and therefore denies any such allegations.

## ANSWER TO PARTIES JURISDICTION

3.      As to the allegations contained in **paragraph 3** of the COMPLAINT: Defendant admits that the Court appears to have proper jurisdiction over this action at this time, however Defendant does not admit that supplemental jurisdiction is appropriate in this action.

## ANSWER TO VENUE

4.      As to the allegations contained in **paragraph 4** of the COMPLAINT: Defendant admits that venue appears to be proper at this time.

## ANSWER TO INTRADISTRICT ASSIGNMENT

5.      As to the allegations contained in **paragraph 5** of the COMPLAINT: Defendant acknowledges that this action should be assigned to the San Francisco/Oakland intra-district.

///

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2
MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

**ANSWER TO PARTIES**

6.    As to the allegations contained in **paragraph 6** of the COMPLAINT:  Defendant lacks sufficient information to form a belief concerning the truth of the factual allegations contained therein, and therefore denies any such allegations.

7.    As to the allegations contained in **paragraph 7** of the COMPLAINT: Defendant admits that it is the owner and lessor of the specific real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523.  Defendant is the owner of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action.  Defendant denies that is the lessor of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action. Defendant denies that it is the operator or lessee of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523, which is at issue in this action.  Defendant lacks sufficient information to form a belief concerning the truth of the remaining factual allegations contained therein, and therefore deny any such allegations.

8.    As to the allegations contained in **paragraph 8** of the COMPLAINT: Defendant lacks sufficient information to form a belief concerning the truth of the factual allegations contained therein, and therefore denies any such allegations.

9.    As to the allegations contained in **paragraph 9** of the COMPLAINT: Defendant admits that it is the owner and lessor of the specific real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523.  Defendant is the owner of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action.  Defendant denies that is the lessor of certain portions of the adjacent parking lots, walkways, and sidewalks, which are at issue in this action. Defendant denies that it is the operator or lessee of the real property located at 2370 Monument Blvd., Pleasant Hill, CA 94523, which is at issue in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3
MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010 4824-3602-9547.1

1

## ANSWER TO FIRST CAUSE OF ACTION

2

## (DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS

3

## TO PUBLIC FACILITIES IN A PUBLIC ACCOMODATION)

4

## (Health & Saf. Code, § 19955 et seq., Civ. Code, § 54 et seq., Bus. & Prof. Code, §§ 17200 et

5

## seq., 17500 et seq.)

6      10.      As to the allegations contained in **paragraph 10** of the COMPLAINT: Defendant

7   hereby incorporates by reference each admission, denial, and each denial on information and belief,

8   including all related explanations, made in response to all previous paragraphs, inclusive, as if fully

9   set forth herein.

10      11.      As to the allegations contained in **paragraph 11** of the COMPLAINT: Defendant

11   lacks sufficient information to form a belief concerning the truth of the factual allegations

12   contained therein, and therefore denies any such allegations.

13      12.      As to the allegations contained in **paragraph 12** of the COMPLAINT: Plaintiff

14   merely states legal conclusions and arguments as to which no response is required. To the extent

15   that a response is required, Defendant lacks sufficient information to form a belief concerning the

16   truth of the factual allegations contained therein, and therefore denies any such allegations.

17      13.      As to the allegations contained in **paragraph 13** of the COMPLAINT: Defendant

18   lacks sufficient information to form a belief concerning the truth of the factual allegations

19   contained therein, and therefore denies any such allegations.

20      14.      As to the allegations contained in **paragraph 14** of the COMPLAINT: Defendant

21   lacks sufficient information to form a belief concerning the truth of the factual allegations

22   contained therein, and therefore denies any such allegations.

23      15.      As to the allegations contained in **paragraph 15** of the COMPLAINT: Defendant

24   lacks sufficient information to form a belief concerning the truth of the factual allegations

25   contained therein, and therefore denies any such allegations.

26      16.      As to the allegations contained in **paragraph 16** of the COMPLAINT: Plaintiff

27   merely states legal conclusions and arguments as to which no response is required. To the extent

28   that a response is required, Defendant denies the remaining allegations contained therein.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

4

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

17.     As to the allegations contained in **paragraph 17** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

18.     As to the allegations contained in **paragraph 18** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

19.     As to the allegations contained in **paragraph 19** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

20.     As to the allegations contained in **paragraph 20** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any injunctive relief or damages.

21.     As to the allegations contained in **paragraph 21** of the COMPLAINT: Defendant lacks sufficient information to form a belief concerning the truth of the factual allegations contained therein, and therefore denies any such allegations.

22.     As to the allegations contained in **paragraph 22** of the COMPLAINT: Defendant denies the allegations. Defendant denies that Plaintiff is entitled to any injunctive relief or damages

23.     As to the allegations contained in **paragraph 23** of the COMPLAINT: Defendant denies the allegations. Defendant denies that Plaintiff is entitled to any injunctive relief or damages

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

## ANSWER TO SECOND CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LAW INCLUDING; THE UNRUH ACT, CIVIL CODECiv. Code, §§ 51, 52, AND THE AMERICANS WITH DISABILITIES ACT ASINCORPORATED BY CIVIL CODE Civ. Code §51(f))

24.     As to the allegations contained in **paragraph 24** of the COMPLAINT: Defendant hereby incorporates by reference each admission, denial, and each denial on information and belief,

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

5

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

1   including all related explanations, made in response to all previous paragraphs, inclusive, as if fully

2   set forth herein.

3       25.     As to the allegations contained in **paragraph 25** of the COMPLAINT: Plaintiff

4   merely states legal conclusions and arguments as to which no response is required. To the extent

5   that a response is required, Defendant denies the remaining allegations contained therein.

6       26.     As to the allegations contained in **paragraph 26** of the COMPLAINT: Plaintiff

7   merely states legal conclusions and arguments as to which no response is required. To the extent

8   that a response is required, Defendant denies the remaining allegations contained therein.

9       27.     As to the allegations contained in **paragraph 27** of the COMPLAINT: Plaintiff

10  merely states legal conclusions and arguments as to which no response is required. To the extent

11  that a response is required, Defendant denies the remaining allegations contained therein.

12      28.     As to the allegations contained in **paragraph 28** of the COMPLAINT: Plaintiff

13  merely states legal conclusions and arguments as to which no response is required. To the extent

14  that a response is required, Defendant denies the remaining allegations contained therein.

15      29.     As to the allegations contained in **paragraph 29** of the COMPLAINT: Plaintiff

16  merely states legal conclusions and arguments as to which no response is required. To the extent

17  that a response is required, Defendant denies the remaining allegations contained therein.

18      30.     As to the allegations contained in **paragraph 30** of the COMPLAINT: Plaintiff

19  merely states legal conclusions and arguments as to which no response is required. To the extent

20  that a response is required, Defendant denies the remaining allegations contained therein.

21      WHEREFORE, Defendant prays for judgment as hereinafter set forth.

22                          **ANSWER TO THIRD CAUSE OF ACTION**

23          **(VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C.**

24                                      **§12101 et seq.)**

25      31.     As to the allegations contained in **paragraph 31** of the COMPLAINT: Defendant

26  hereby incorporates by reference each admission, denial, and each denial on information and belief,

27  including all related explanations, made in response to all previous paragraphs, inclusive, as if fully

28  set forth herein.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

32.     As to the allegations contained in **paragraph 32** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

33.     As to the allegations contained in **paragraph 33** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

34.     As to the allegations contained in **paragraph 34** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

35.     As to the allegations contained in **paragraph 35** of the COMPLAINT: Plaintiff merely states legal conclusions and arguments as to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained therein.

36.     As to the allegations contained in **paragraph 36** of the COMPLAINT: Defendant lacks sufficient information to form a belief concerning the truth of the factual allegations contained therein, and therefore deny any such allegations.

37.     As to the allegations contained in **paragraph 37** of the COMPLAINT: Defendant denies the allegations.

38.     As to the allegations contained in **paragraph 38** of the COMPLAINT: Defendant denies the allegations. Defendant denies that Plaintiff is entitled to any injunctive relief or damages.

39.     As to the allegations contained in **paragraph 39** of the COMPLAINT: Defendant lacks sufficient information to form a belief concerning the truth of the factual allegations contained therein, and therefore denies any such allegations.

WHEREFORE, Defendant prays for judgment as hereinafter set forth.

## **ANSWER TO PRAYER**

1.     As to **paragraph 1** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

2.     As to the allegations contained in **paragraph 2** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

7

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

3.      As to the allegations contained in **paragraph 3** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

4.      As to the allegations contained in **paragraph 4** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

5.      As to the allegations contained in **paragraph 5** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

6.      As to the allegations contained in **paragraph 6** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

7.      As to the allegations contained in **paragraph 7** of Plaintiff's Prayer: To the extent that a response is required, Defendant denies that Plaintiff is entitled to this Prayer.

## II.      AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (STANDING-TITLE III)

1.      Defendant alleges that Plaintiff lacks standing to seek relief under Title III of the ADA for herself, with respect to conditions that do not affect her alleged disability.  Therefore, Plaintiff fails to show that she was discriminated against by Defendant, was excluded due to said disability, suffered any injury-in-fact and/or threat of future injury.

## SECOND AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CAUSE OF ACTION)

2.      Each of Plaintiff's causes of action, individually, fail to state facts sufficient to constitute a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

## (NOT READILY ACHIEVABLE)

3.      Defendant alleges that removal of the alleged access barriers complained of in the COMPLAINT, if any, are not readily achievable.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

8

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010 4824-3602-9547.1

1

## FOURTH AFFIRMATIVE DEFENSE

## (FAILURE TO REQUEST REASONABLE ACCOMODATIONS)

2

3      4.      Defendant alleges that Plaintiff's claims for relief are barred because Defendant has

4  at all times made and would make reasonable accommodations to the disabled which Plaintiff

5  failed to take advantage of the accommodations offered by Defendant. Therefore, Plaintiff's claims

6  are both factually and legally unsupportable and such a failure to request reasonable modifications

7  is an affirmative defense to this action.

8

## FIFTH AFFIRMATIVE DEFENSE

## (*DE MINIMIS* DEVIATIONS)

9

10      5.      Defendant alleges that the COMPLAINT as a whole, and the claims for relief

11  contained therein, fail to state a claim for relief as all of the alleged accessibility violations

12  constitute *de minimis* deviations from state or federal access laws, codes, regulations, guidelines

13  and/or are within applicable construction or manufacturing tolerances.

14

## SIXTH AFFIRMATIVE DEFENSE

## (LEGITIMATE BUSINESS PURPOSE)

15

16      6.      Defendant asserts that at all times set forth in the COMPLAINT, and each and every

17  claim for relief therein, have acted in good faith, exercised reasonable care, and complied with all

18  duties owed by it to the public in the operation of a business establishment open to the public.

19

## SEVENTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

20

21      7.      Defendant alleges that the COMPLAINT does not sufficiently allege that Plaintiff's

22  alleged visit falls within the period of time that is not excluded by the applicable statutes of

23  limitations. Therefore, and each claim for relief asserted in the COMPLAINT is barred by the

24  applicable statutes of limitations.

25

## EIGHTH AFFIRMATIVE DEFENSE

## (STANDING-INJURY IN FACT)

26

27      8.      Defendant alleges that Plaintiff lacks standing because Plaintiff failed to suffer any

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

9

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010 4824-3602-9547.1

1 injury in fact and that Plaintiff failed to suffer any actual or imminent injury as a result of any

2 barriers purportedly existing at the Subject Property.

### NINTH AFFIRMATIVE DEFENSE

### (EQUIVALENT FACILITATION)

5  9.  Defendant alleges that at all times relevant to the COMPLAINT, the Defendant has

6 provided full and equivalent facilitation and/or appropriate means for patrons with disabilities to

7 enjoy its goods, facilities, and services, therefore precluding any recovery by the Plaintiff based

8 upon any allegations of the COMPLAINT herein.

### TENTH AFFIRMATIVE DEFENSE

### (COMPLAINT FRIVOLOUS AND IN BAD FAITH)

11  10.  Defendant alleges that Plaintiff's COMPLAINT is frivolous and is not based on

12 good faith as to Defendant and thus Defendant is entitled to recover its reasonable expenses,

13 including attorneys' fees, in defending this action.

### ELEVENTH AFFIRMATIVE DEFENSE

### (RESERVATION)

16  13.  Defendant presently has insufficient knowledge or information on which to form a

17 belief as to whether it may have additional, as yet, unstated affirmative defenses available.

18 Defendant reserves herein the right to assert additional defenses in the event that the discovery

19 indicates they would be appropriate.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10

MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010 4824-3602-9547.1

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That the COMPLAINT be dismissed, with prejudice and in its entirety as to Defendant;

2. That Plaintiff shall take nothing on her COMPLAINT and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded costs of suit; and

4. That Defendant be granted such other relief as the Court deems just and proper.

Dated:  July 6, 2018

BREMER WHYTE BROWN & O'MEARA LLP

By: _____

Rachel A. Mihai
Jonathan A. Kaplan
Attorneys for Defendant
MONUMENT INVESTMENTS, L.P.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

11
MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT

3982.010  4824-3602-9547.1

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On July 6, 2018, I served the within document(s) described as:

**MONUMENT INVESTMENTS, L.P.'S ANSWER TO THE FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); BUSINESS & PROFESSIONS CODE §§ 17200 et seq., 17500 et seq.; HEALTH & SAFETY CODE §19955 et. seq.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

on the interested parties in this action as stated on the attached mailing list.

[X]    (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the North District of California ECF System for the above-entitled case.  Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by North District of California ECF's system.  A copy of the filing receipt page will be maintained with the original document(s) in our office.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2018, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____         _____
Jaclyn J. Navarro
(Type or print name)                                            (Signature)

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

3982.010  4839-6678-9984.1

**Shelby Gail Heifetz v. MM Corporation, et al.**

**Case No. 4:18-cv-01682-DMR**

BWB&O CLIENT:     Monument Investments, L.P.
BWB&O FILE NO.:   3982.010

**SERVICE LIST**

| | | |
|---|---|---|
| Irene Karbelashvili<br>Iraki Karbelashvili<br>ALLACCESS LAW GROUP<br>19 North Second St.<br>Suite 205<br>San Jose, CA  95113<br>Phone: (408) 295-0137<br>Fax: (408) 295-0142<br>irene@allaccesslawgroup.com<br>irakli@allaccesslawgroup.com<br><br>**Attorneys for Plaintiff,**<br>**Shelby Gail Heifetz** | | |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

3982.010  4839-6678-9984.1